**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Docket No. 2:19-cr-63-LEW |
| v. ) | |
| ) | |
| KEVIN LEROY BARNER ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO RE-OPEN DETENTION HEARING

The United States of America, by and through Halsey B. Frank, United States Attorney for the District of Maine, and David B. Joyce, Assistant United States Attorney, hereby objects to the Defendant's Emergency Motion to Re-Open Detention Hearing (ECF No. 31). In support of this opposition, the Government states as follows:

1. In March 2019, a grand jury of this district indicted Defendant for possession with intent to distribute 28 grams or more of cocaine base, in violation of Title 21, United States Code, Section 841 (ECF No. 3.)

2. Defendant first appeared in the Southern District of New York on May 2, 2019. Following his appearance in New York, he was order removed to the District of Maine.

3. On June 12, 2019, the Government filed a Motion for Detention pursuant to 18 U.S.C. § 3142(f)(1)(C). (ECF No. 12.)

4. United States Probation and Pretrial Services Office for the Southern District of New York determined that "there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community." (ECF No. 11.) Pretrial Services therefore recommended that the Defendant be detained. (Id.) That recommendation remained once Defendant appeared in Maine.

1

5. The Defendant appeared before this Court on June 12, 2019. He consented to detention. A detention order thus issued (ECF No. 17).

6. The Defendant now seeks to reopen the matter of detention in light of the COVID-19 pandemic. (ECF No. 25.) Defendant's assertions that "[c]ircumstances have changed since Mr. Barner waived his right to detention" and "[n]othing right now is normal," ECF No. 31 at 3, are unavailing. Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing *and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community*." Id. (emphasis added).

7. The existing COVID-19 situation has no bearing on the issue of whether conditions of release exist that will reasonably assure the Defendant's appearance and the safety of any other person and the community, much less a material bearing.

8. Defendant stands charged with a serious offense. The Pretrial Services Report sets forth a lengthy criminal history. There are no new facts bearing on the issues of flight or dangerousness.[1] Defendant's motion is therefore legally deficient and should be denied.[2]

---

[1] The fact that a state officer initially released Defendant is not relevant to the instant analysis and also not a new fact giving rise to a change in circumstances.
[2] The attached statements of Dr. Graham and Dr. McDonnell are not specific to Mr. Barner's case or the ability of his place of pre-trial detention to provide proper safety and care.

Date: April 13, 2020

        Respectfully submitted,

        Halsey B. Frank
        United States Attorney

        /s/David B. Joyce
        Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

CERTIFICATE OF SERVICE

    I hereby certify that on April 13, 2020, I filed the foregoing Opposition to Defendant's Emergency Motion using the Court's CM/ECF system, which will cause a copy to be sent to all counsel of record.

                                       Halsey B. Frank
                                       United States Attorney

                                       /s/David B. Joyce
                                       Assistant U.S. Attorney